This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41223**

**STEVE VEIGEL, ROBERT VEIGEL, and ELLA MARIE VEIGEL,**

Plaintiffs-Appellants,

v.

**KELEHER & MCLEOD, P.A.; THOMAS C. BIRD; JUSTIN B. BREEN; JEFFERY A. DAHL; JULIA L. MACCINI; and JAMES L. RASMUSSEN,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Albert J. Mitchell Jr., District Court Judge**

Steve Veigel
Robert Veigel
Ella Marie Veigel
Hereford, TX

Pro Se Appellants

Brant and Hunt, Attorneys
John M. Brant
Jeannie Hunt
Albuquerque, NM

for Appellees

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}**     Plaintiffs appeal the district court's summary judgment, as well as its order denying their motion for sanctions against Defendants. In our notice of proposed summary disposition, we proposed to affirm. Plaintiffs have filed a memorandum in opposition, as well as three supplements to their memorandum in opposition, and Defendants have filed a memorandum in support, all of which we have duly considered. As we are not persuaded by Plaintiffs' arguments, we affirm.

**{2}**     In their memorandum and supplements, Plaintiffs continue to contend that the district court erred in granting summary judgment on the basis that their complaint was untimely filed under the statute of limitations. [MIO 2-13, 22] In particular, Plaintiffs emphasize that application of the continuous representation doctrine would toll the statute of limitations through the conclusion of the attorney-client relationship, potentially making their complaint timely. *See Sharts v. Natelson*, 1994-NMSC-114, ¶ 19, 118 N.M. 721, 885 P.2d 642 (explaining that "[u]nder the continuous representation doctrine, running of the statute of limitations is tolled until the representation terminates with respect to the matters that underlie the malpractice action."); *see also LaMure v. Peters*, 1996-NMCA-099, ¶ 31, 122 N.M. 367, 924 P.2d 1379 (noting that "[t]he continuous representation doctrine protects the integrity of the professional relationship, permits the allegedly negligent professional to attempt to cure the malpractice, and provides for uninterrupted service to the client"). [MIO 2-9]

**{3}**     We note that our Supreme Court and this Court have continuously declined to adopt the continuous representation doctrine in New Mexico. *See Sharts*, 1994-NMSC-114, ¶ 18 (noting that "[w]e are not inclined to adopt the [continuous representation] doctrine at this time"); *LaMure*, 1996-NMCA-099, ¶¶ 28, 34 (stating that "New Mexico has considered, but has not applied, the continuous representation doctrine in attorney malpractice cases" before concluding that "[t]hus, even if we were free to question the Supreme Court's recent, express disinclination to adopt the continuous relationship exception, we would not do so in this case" (citation omitted)); *Martinez-Sandoval v. Kirsch*, 1994-NMCA-115, ¶ 26, 118 N.M. 616, 884 P.2d 507 (noting that while other jurisdictions have adopted the continuous representation doctrine, New Mexico authorities establish that "the statute begins to run once [a plaintiff] knows or should know sufficient facts to constitute a cause of action").

**{4}**     As our notice explained, "[u]nder New Mexico law, the statute of limitations for legal malpractice begins to run when the client discovers, or should have discovered, 'that he or she has suffered a loss and that the loss may have been caused by the attorney's wrongful act or omission.'" *Day-Peck v. Little*, 2021-NMCA-034, ¶ 47, 493 P.3d 477 (quoting *Sharts*, 1994-NMSC-114, ¶ 10). [CN 5-6] In other words, commencement of the statute of limitations is not bound to the period of representation, but rather when the client discovers or should have discovered the purportedly deficient representation. To the extent that Plaintiffs contend they did not know the facts necessary to *successfully* prosecute their claims until after June 14, 2017, we note that "[c]ertainty that the attorney breached the duty of care is not required; it is enough for the client to know 'there may have been serious errors in the attorney's work' which resulted in injury." *Day-Peck*, 2021-NMCA-034, ¶ 47 (quoting *LaMure*, 1996-NMCA-099,

¶ 22). [MIO 17-22] Further, "a plaintiff need not know that the injury constitutes a breach of the legal standard of care; it is sufficient if [the] plaintiff is on notice of the facts constituting the cause of action." *LaMure*, 1996-NMCA-099, ¶ 27.

**{5}** With regard to our analysis regarding the running of the statute of limitations, as well as the remaining contentions included in their memorandum and supplements, Plaintiffs do not provide any new facts or authorities that persuade us that our proposed summary disposition was in error. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683; *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Lastly, we decline Plaintiffs' request that we review the record in support of their contention concerning their denied motion for sanctions. *See Delta Automatic Sys., Inc. v. Bingham*, 1999-NMCA-029, ¶ 31, 126 N.M. 717, 974 P.2d 1174 (explaining that "[t]his Court has no duty to search the record or research the law to 'defend' in a civil case a party that fails to defend itself on an issue"). [MIO 22-23]

**{6}** Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we affirm the district court's summary judgment and order denying Plaintiffs' motion for sanctions.

**{7}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**